Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ESTHER CARDOSO PEREZ, individually and on behalf of all others similarly situated,

         Plaintiff,

 -against-

NAILS CLUB VII INC d/b/a NAILS CLUB,
NGHIEM QUACH and KIM SANG LE, as individuals,

         Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

  Plaintiff, **ESTHER CARDOSO PEREZ** by and through her attorneys, Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to herself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, brings this action against **NAILS CLUB VII INC d/b/a NAILS CLUB, NGHIEM QUACH and KIM SANG LE, as individuals** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **NAILS CLUB VII INC d/b/a NAILS CLUB** located at 1781 Dutch Broadway, Elmont, NY 11003.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff' state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES
### *The Plaintiff*

7. Plaintiff ESTHER CARDOSO PEREZ, residing in Nassau, NY was employed by Defendants at NAILS CLUB VII INC d/b/a NAILS CLUB from in or around March 2019 until in or around July 2025, with the exception of approximately April 2020 to August 5, 2020 where Plaintiff did not perform work for the Defendants due to the covid pandemic.

8. At all relevant times hereto, Plaintiff was employed by NAILS CLUB VII INC d/b/a NAILS CLUB.

9. At all relevant times hereto, Plaintiff was paid solely through commissions and never received any regular hourly, daily, or weekly rate of pay.

10. At all relevant times hereto, Plaintiff's regular rate of pay did not exceed one and one-half times the applicable minimum wage for her every hour worked in a workweek in which overtime hours are worked.

### *Corporate Defendant*
### NAILS CLUB VII INC d/b/a NAILS CLUB

11. At all relevant times hereto, Defendant NAILS CLUB VII INC d/b/a NAILS CLUB, is a New York domestic business corporation organized under the laws of New York with

a principal executive office and service of process located at 1781 Dutch Broadway, Elmont, NY 11003.

12. Upon information and belief, Defendant NAILS CLUB VII INC d/b/a NAILS CLUB is authorized to do business in the State of New York.

13. At all relevant times hereto, Defendant NAILS CLUB VII INC d/b/a NAILS CLUB, through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees including Plaintiff in the performance of their duties, which among others include scheduling of work, payment of wages, hiring and termination of their employment.

14. Accordingly, at all relevant times hereto, Defendant NAILS CLUB VII INC d/b/a NAILS CLUB was Plaintiff' employer within the meaning and the intent of the FLSA and the NYLL.

15. Upon information and belief, NAILS CLUB VII INC d/b/a NAILS CLUB, is at present and has been at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

### *Individual Defendants*
### **NGHIEM QUACH and KIM SANG LE**

16. At all relevant times hereto, Defendants NGHIEM QUACH and KIM SANG LE, own and operate NAILS CLUB VII INC d/b/a NAILS CLUB.

17. Upon information and belief, Defendants NGHIEM QUACH and KIM SANG LE, are agents of NAILS CLUB VII INC d/b/a NAILS CLUB.

18. At all relevant times hereto, Defendants NGHIEM QUACH and KIM SANG LE, are responsible for overseeing the daily operations of NAILS CLUB VII INC d/b/a NAILS CLUB.

19. At all relevant times hereto, Defendants NGHIEM QUACH and KIM SANG LE, have power and authority over all the final personnel decisions at NAILS CLUB VII INC d/b/a NAILS CLUB.

20. At all relevant times hereto, Defendants NGHIEM QUACH and KIM SANG LE, have power and authority over all final payroll decisions at NAILS CLUB VII INC d/b/a NAILS CLUB, including the Plaintiff.

21. At all relevant times hereto, Defendants NGHIEM QUACH and KIM SANG LE, have the exclusive power to hire and fire employees at NAILS CLUB VII INC d/b/a NAILS CLUB, establish and pay their wages, set their work schedule, and maintain their employment records, including the Plaintiff.

22. During all relevant times herein, Defendants NGHIEM QUACH and KIM SANG LE, were Plaintiff's employers within the meaning of the FLSA and NYLL.

## RELEVANT STATUTORY PERIOD

23. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in October 2025, the relevant statutory period for Plaintiff' claims asserted herein encompasses the entirety of the period spanning October 2019 through present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

24. Plaintiff ESTHER CARDOSO PEREZ was employed by Defendants at NAILS CLUB VII INC d/b/a NAILS CLUB, as a nail technician, manicurist, pedicurist and cleaner, while performing other miscellaneous duties for the Defendants, from in or around March 2019 until in or around July 2025, with the exception of in or around April 2020 until in or around August 5, 2020, during which Plaintiff did not perform work for the Defendants due to the Covid-19 pandemic.

25. During the relevant statutory period, Plaintiff regularly worked seven (7) days per week from in or around October 2019 until in or around December 2019; approximately five (5) days per week from in or around January 2020 until in or around April 2025 (with the exception of in or around April 2020 until in or around August 5, 2020) and

approximately four (4) days per week from in or around May 2025 until in or around July 2025.

26. During this period, Plaintiff worked shifts of approximately ten-and-a-half (10.5) hours per day, six (6) days per week and eleven-and-a-half (11.5) hours per day, once a week from in or around October 2019 until in or around December 2019; approximately ten-and-a-half (10.5) hours per day, four (4) days per week and eleven-and-a-half (11.5) hours per day, once a week from in or around January 2020 until in or around April 2025 (with the exception of in or around April 2020 until in or around August 5, 2020) and approximately ten-and-a-half (10.5) hours per day, three (3) days per week and eleven-and-a-half (11.5) hours per day, once a week from in or around May 2025 until in or around July 2025.

27. Thus, Plaintiff was regularly required to work approximately seventy-four-and-a (74.5) hours per week from in or around October 2019 until in or around December 2019; approximately fifty-three-and-a-half (53.5) hours per week from in or around January 2020 until in or around April 2025 and approximately forty-three (43) hours per week from in or around May 2025 until in or around July 2025.

28. During the relevant statutory period, Plaintiff was paid by the Defendants exclusively on a commission basis, receiving forty percent (40%) of the revenue generated from the work she personally performed.

29. Plaintiff did not receive any regular hourly, daily or weekly rate of pay during her employment by Defendants.

30. On average, Plaintiff would receive her commission in the amount of approximately $459.00 each week, during the relevant statutory period.

31. Plaintiff was paid the Defendants exclusively in cash.

32. Based on the foregoing, Plaintiff's regular rate of pay did not exceed one and one-half times the applicable minimum wage for every hour worked in a workweek in which overtime hours were worked. Thus, Plaintiff is not exempt from overtime pay pursuant to Section 7(i) of the FLSA.

33. Although Plaintiff worked approximately seventy-four-and-a (74.5) hours per week from in or around October 2019 until in or around December 2019; approximately fifty-three-and-a-half (53.5) hours per week from in or around January 2020 until in or

<ol start="33">
<li></li>
</ol>

around April 2025 and approximately forty-three (43) hours per week from in or around May 2025 until in or around July 2025, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

34. Additionally, Defendants failed to pay Plaintiff the legally prescribed minimum wage for all her hours worked during the relevant statutory period, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

35. Furthermore, Plaintiff ESTHER CARDOSO PEREZ worked in excess of ten (10) or more hours per day approximately seven (7) days per week from in or around October 2019 until in or around December 2019; approximately five (5) days per week from in or around January 2020 until in or around April 2025 and approximately four (4) days per week from in or around May 2025 until in or around July 2025, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

36. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the NYLL.

37. Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

38. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

39. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have been receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the NYLL – which she was not.

40. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the NYLL resulting in the direct harm of Plaintiff not being properly compensated and not being able to determine whether or not she was being properly compensated.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

42. Collective Class: All persons who are or have been employed by the Defendants as nail technicians, manicurists, pedicurists and cleaners, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

43. Upon information and belief, Defendants employed approximately 10 or more employees within the relevant time period who were subjected to similar payment structures.

44. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

45. Defendants' unlawful conduct has been widespread, repeated, and consistent.

46. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

47. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

48. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There

are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

49. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

50. The claims of Plaintiff are typical of the claims of the putative class.

51. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

52. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

53. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

54. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

55. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

56. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

57. Defendants willfully failed to pay Plaintiff' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff are entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

58. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

59. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

60. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

61. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

62. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

63. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

64. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

65. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

66. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

67. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

68. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

69. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

70. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FOURTH CAUSE OF ACTION
**Spread of Hours Compensation Under New York Labor**

71. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.

73. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## FIFTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

74. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

75. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

76. Defendants are liable to Plaintiff in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees.

## SIXTHCAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

77. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
78. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)
79. Defendants are liable to Plaintiff in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff' unpaid overtime wages;
c. Awarding Plaintiff' unpaid minimum wages;
d. Awarding Plaintiff' unpaid spread of hours compensation;
e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
f. Awarding Plaintiff prejudgment and post-judgment interest;
g. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and
h. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: October 10, 2025
      Kew Gardens, NY

*/s/ Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ESTHER CARDOSO PEREZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

NAILS CLUB VII INC d/b/a NAILS CLUB, NGHIEM QUACH and KIM SANG LE, as individuals,

Defendants

**COLLECTIVE ACTION COMPLAINT**

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

To:

*Service via Secretary of State:*
**NAILS CLUB VII INC. (DOS ID: 4632955)**
1781 Dutch Broadway, Elmont, NY 11003

*via Personal Service:*
**NAILS CLUB VII INC d/b/a NAILS CLUB**
1781 Dutch Broadway, Elmont, NY 11003

**NGHIEM QUACH**
1781 Dutch Broadway, Elmont, NY 11003

**KIM SANG LE**
1781 Dutch Broadway, Elmont, NY 11003

13